Ms. McGuire, good morning. You may proceed. Good morning, Your Honors. May it please the Court. My name is Bernadette McGuire, and I represent the petitioner in this case, Mr. to hear witnesses' testimony, to observe the witnesses, to look at every single piece of evidence that comes through as the parties prepare for individual hearing. The immigration judge in this case went through a four-hour hearing. He observed 10 witnesses who traveled through two different states to testify on behalf of Mr. Olea, and in the end, the immigration judge granted Mr. Olea's application for relief of adjustment of status. The BIA, in a 2-1 decision, reversed the decision of the immigration judge. In its decision, citations to the record were Upon receiving a denial or a sustainment of the government's appeal, Mr. Olea's counsel filed a motion to reconsider for the BIA to look at the record again to identify the errors in fact that the BIA had made during its appeal. What we ask this Court to review, Your Honors, is that motion to reconsider. The basis of the motion to reconsider, they cite to things in the record that does not sustain their findings. What expressly? Let's get right to exactly what you think is wrong with the board. I'm assuming that the error is what you're saying is what we can look at is that they basically violated the policy of not doing additional fact-finding, essentially. Your Honor, we are arguing that the BIA did improper fact-finding. So, focus for me exactly on where you think the error is. Your Honor, the BIA cites to the record Exhibit 2. Exhibit 2 is the form I-213, which essentially places a respondent in front of the immigration in custody enforcement and then which eventually leads to a notice to appear, placing the respondent into proceedings before the immigration judge. That 213 has no indication. It mentions nothing about an attempted suicide and that it's related to the alleged acts of the respondent. What about testimony at the hearing? Your Honor, the BIA cites to the transcript between pages 146 to 148. During that testimony, it is Mr. Olaya's wife who is testifying during that part of the transcript. In that part of the transcript, the trial attorney is creating testimony, is saying out loud, isn't it true that this girl committed suicide only because of Mr. Olaya's actions? Of course, the spouse of Mr. Olaya simply says that's what was said during the trial. We know nothing about it. What we do know is that these girls had a really difficult life and that the time between the alleged act and the accusation of the act, which is 12 years, there are many things that could have happened and that the connection between an attempted committed suicide and the alleged act of the respondent is strained, yet the BIA looks at that as a factual finding and hangs its hook on that unsubstantiated fact when it decided to deny the motion to reconsider, which again served at the basis of the sustainment of the appeal. Is what you just said the same as what the board said? You said that they were directly connected, that the attempt was as a result of the conduct. Here it says it only came to light after. The conduct only came to light after one of the victims attempted to commit suicide. Is that the honor? It is because the board doesn't cite anything else in the record. The immigration judge did not fact find that there was a direct correlation between those two events or the alleged events, yet the BIA in its decision takes out of context the testimony of both the respondent and the respondent's spouse. So going back to citations of the transcript, your honor, during the individual hearing, again, the trial attorney tries to testify as to factual findings in the criminal proceeding. The trial attorney testifies that there was an attempted suicide and that it was a direct result of the actions of the respondent. Mr. Alea's counsel objected to that testimony and the immigration judge says on the record that he would overrule the objection only because that is the opinion of the trial attorney, that he wasn't going to take it as fact, but that it was an opinion. But yet, these are the things that the board depends upon to decide to deny the motion to reconsider. In addition to any mention, any attempt to commit suicide, or even the connection between an attempted commit suicide and the alleged actions of the respondent, in addition to citing to the transcript, which is misinterpreted, and again, taking on the testimony of the trial attorney, the BIA depends on documentation that was not submitted into the record. The BIA also states that the respondent was convicted of a theft offense in 1993. That plus the attempted suicide that was connected to the alleged act was substantial in the BIA's decision. However, any documentation related to that theft offense was withdrawn by the government attorney earlier in the individual hearing. There was no testimony provided at all to substantiate that allegation and the immigration judge did not sustain those charges that were put against the respondent in the notice to appear, which is the charging document. Now, the respondent will argue that this case is improperly before this court because we are looking to review the discretion of the Board of Immigration Appeals on a discretionary case. Indeed, we won at the immigration judge level. Mr. Olea was granted relief in front of the immigration judge. When the BIA issued its decision on appeal and it sustained the government's appeal, it depended on inaccurate citations to the record. And while the BIA as an administrative agency does have discretion, a wide breadth of discretion when it comes to these types of decisions, the dependence on the record is misplaced. The respondent will argue that Mr. Olea should have filed a petition for review in this court 30 days after the appeal decision was issued by the BIA. However, in immigration proceedings, in an attempt to exhaust all remedies for Mr. Olea, Mr. Olea filed a motion to reconsider because there was clear errors, in fact, made by the BIA in its decision. The proper course of action for Mr. Olea to take would be to file that motion to reconsider to outline for the Board of Immigration Appeals how it erred in fact finding and how the immigration judge's decision was sound and it was thorough. So we would argue, Your Honors, that this motion to reconsider is properly before this court. In addition, this court has held that in review of motions to reconsider, it would be appropriate at times to also review the underlying decision, and in this case, the sustainment of the government's appeal in Mr. Olea's case. Even in de novo review, even in considering that the Board of Immigration Appeals can review an appeal on de novo review, it has to be congruent with the record of proceedings. This court has held that the BIA can't just provide an opinion based on whether or not it wants to change the decision of the immigration court. It has to be congruent with the record of proceedings, and if it's reversing the immigration judge, it has to provide a very thorough explanation and consideration of the immigration judge's decision and then issue its own decision. We would argue that the Board of Immigration Appeals just kind of picked out things out of the record that sounded like the respondent would get denied as a matter of discretion, but that picking things out of the record out of context and misinterpreting the facts as it was presented before the immigration judge is a misproper use of discretionary power by the Board of Immigration Appeals. Thank you. We'll hear from the government. What do you pronounce your name? Heiss. Heiss. Yes. You may proceed, sir. Thank you. Good morning, Your Honors, and may it please the court, Michael Heiss, on behalf of the respondent, the Attorney General of the United States. The court lacks jurisdiction over this petition for review because petitioner is seeking review of a motion to reconsider a denied form of relief that was denied as a matter of discretion over which, had there been a direct petition for review from that, the court would lack jurisdiction of it. That is explicit by statute ultimately for actually two reasons. First, Congress specifically exempted from this court's jurisdiction decisions regarding adjustment of status. Second, aliens convicted of aggravated felonies have very limited means of review before this court, and petitioner is subject to both of those issues. Petitioner's contention that they needed to exhaust the claim before bringing it before this court simply doesn't add up. They certainly have the option of attempting to secure the board's review first or simultaneously. That's expressly what the Supreme Court discussed in Stone and this court in Budajian, I believe, if I'm pronouncing the case correctly, and in Shirey. This court has recognized that Stone applies, that there are two separate petitions for review required of these agency's decisions. You'll notice that the entire discussion before the court from petitioner's counsel was about immigration judge and the board's decisions prior to the motion to reconsider. Well, as I understand it, the assertion is that there was a procedural error, and the error is in the BIA taking on the fact-finding role. I do want to ask you a couple of questions about that because I'm looking through the record. As I understand it, the petitioner is saying, the board made its own facts about the victim's actions and the respondent's actions and the link between the two. I guess I have a question for you as to whether the IJ even made a finding that there was a suicide attempt because as I read the IJ's opinion, it simply states, the testimony mentioned an apparent suicide attempt by one of the victims in concert with the accusations leveled against the respondent. Can we read that as an actual factual finding, or does it almost sound like just an observation of some testimony mentioned but not relied upon or actually found by the IJ? What's your view on that? It's a discussion. The way the board reached this question was that the immigration judge noted that circumstance. Again, that is perhaps circumstantial that the petitioner was ultimately convicted because one of his victims attempted suicide. I guess you're saying that, and I'm trying to figure out where that's actually found by the immigration judge, if that was a factual finding. Sure. What you're under citing, too, is the immigration judge's statement that testimony mentioned an apparent suicide attempt by one of the victims in concert with the accusations leveled against the respondent. That's the immigration judge's decision, page 10, administrative record page 149. What is going on there is essentially the process by which he came to be charged and then convicted pursuant to a guilty plea. And I understand how you're characterizing. I guess my question is maybe you don't have a decent answer. I don't know. But is that a factual finding that that actually occurred? That he was... That there was, in fact, a suicide attempt that was in concert with the accusations. Is that a factual finding? Petitioner, I believe I cited it in my brief. I don't have that particular transcript page before me, but it was, I believe... I'm just doing this from memory. Administrative record page 32223, where he's asked, did one of your victims attempt suicide? Uh-huh, was his response. There's also, conveniently ignored from petitioner's discussion before this court as to what the board relied upon, was administrative record page 271. The board, in addition to citing and trial transcript pages 147 and 148, cites trial transcript page 96, which is direct testimony from the petitioner about all the circumstances that led to his being charged and subsequently convicted pursuant to his plea. It's an interaction between him and government counsel talking about trying to understand why these individuals would so far in the future, subsequent to these alleged events, pursue these charges against him. And it gets into a lot of details about this case. Could you raise the lectern a little bit? Sure. So that you speak into the microphone. Yes. Thank you. My apologies, Your Honor. It gets into the details of the case, not just the suicide attempts, but also medical conditions that his victims suffered that were directly the result of his having sexually assaulted them. All of this, however, gets into the point that immigration judge actually committed legal error, procedural error, in that the judge would be violating or violated matter of Roberts, which the board pointed out in its decision. Again, administrative record page 83, the second page of the board's decision. The immigration judge, quote, may not go behind a record of conviction to reassess the respondent's ultimate guilt or innocence. So the board here is faced with somewhat of a Hobson's choice. Either allow the immigration judge to reassess this individual's guilt or And on that basis, he was found removable. So how is he removable for having committed this offense, but now he's entitled to relief because he didn't actually do it, or the circumstances thereof? That's re-adjudicating his guilt or innocence, which the immigration judge simply cannot do. If the board were to ignore that, then the board is violating its standard of ignoring its own. That's a published board decision. It can't ignore that decision. There's ample case law that says the board cannot do that, all the way to the Supreme I believe this court in No, I only have the Brand X case. I did not cite a case to this court, so I won't go beyond that. But ultimately, what's before the court now? Did the board engage in fact finding? What facts were found? No new facts were found. Facts were reweighed, which the board is entitled to do explicitly by regulation. ACFR 1003.1 D3II explicitly allows the board to engage in de novo review of discretionary determinations. Absent the board's ability to review what happened here, which included the immigration judge going behind the record of conviction. There's the fact that this individual is convicted of sexual assault of a minor, categorically an aggravated felony, even after Esquivel-Quintana. He is absolutely removable on that basis. Now, whether or not there were circumstances attendant to that conviction does not obviate the fact that he is indeed convicted of that. An example, a hypothetical example, might be an individual involved in some kind of drug conspiracy that is convicted of drug trafficking where he was simply driving the car. That might be something that the judge could consider to mitigate that individual's culpability for the broader aspects here. What we have here is a serious conviction, individual convicted of sexually assaulting two individuals from a position of trust. That is not something the immigration judge can go behind to ultimately find that he didn't do it. If the petitioner wanted to relitigate that conviction, if he wanted to get that conviction off the books so he wasn't subject to removal for it, that's a different question. He has remedies available to him, of which he's actually availed himself once already in Iowa court. He can pursue post-conviction relief. He can say there were facts that weren't before the court, procedural irregularities, perhaps ineffective assistance of counsel, things like that. What we don't have here is any allegation that he wasn't advised of the immigration consequences of his plea that he is now suffering. The fact that the board properly de novo reweighed the evidence and reached a new discretionary decision with which petitioner doesn't agree does not engender some kind of legal error. Ultimately, if the court finds that it has jurisdiction over this question, it is only reviewing the board's denial of the motion to reconsider and whether the board abused its discretion in that decision. Based on the entire record before the court and the board's requirement that it follow its own precedent, there is simply no legal error for this court to remedy. So what do we do with the petition? That's a good question, Your Honor. Dismiss it for lack of jurisdiction or deny it? It's up to the court. Generally, if the court lacks jurisdiction over the underlying decision, courts have subsequently dismissed for lack of jurisdiction a petitioner for review of a motion to reconsider of that decision. If the court finds that instead reaches the discretionary analysis and discusses whether the board properly exercised its discretion to deny the motion to reconsider, that would be a denied petition for review. The government argues again that the court lacks jurisdiction because to afford jurisdiction here would give petitioner the opportunity to conduct an end around of several jurisdictional bars that apply to this court reviewing this decision. This is a discretionary decision by the board in which it did not engage in any legal error. It properly adhered to its own policies and regulations. So ultimately, the court should dismiss for lack of jurisdiction. I was going to say, your final answer would be the government would ask us to dismiss the petition for lack of jurisdiction. For any one of three reasons. Deny or dismiss? Dismiss for lack of jurisdiction. Very well. Thank you. Thank you, Your Honor. I believe you used all your time. Do you want to make a point on rebuttal? You may make a strictly rebuttal and not new argument. Thank you, Your Honor. Your Honors, we never said that the respondent was not convicted of a crime. As is indicated in the record, the initial conviction for the respondent was sexual assault on a child for which he did receive a 50-year sentence. However, upon successful appeal of that criminal conviction, the plea deal was to plead down to a misdemeanor in decent contact with a child for which no jail time was  We'd like to just clarify for the court that Mr. Olea doesn't deny the fact that he was convicted of a crime for which would make him deportable. That was never part of our argument before the court. Thank you very much for this opportunity. It completes our oral argument calendar for this morning. The court will be in recess until 9 o'clock tomorrow morning. Thank you.